RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 23a0171p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

INTERNATIONAL OUTDOOR, INC.,

                                *Plaintiff-Appellant*,

    *v.*

CITY OF TROY, MICHIGAN,

                                *Defendant-Appellee*.

No. 21-1544

─────────────────

Appeal from the United States District Court for the Eastern District of Michigan at Detroit.
No. 2:17-cv-10335—George Caram Steeh III, District Judge.

Argued:  June 14, 2023

Decided and Filed:  August 10, 2023

Before:  BOGGS, SUHRHEINRICH, and WHITE, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:**  J. Adam Behrendt, BODMAN PLC, Troy, Michigan, for Appellant.  Allan T. Motzny, CITY OF TROY, Troy, Michigan, for Appellee.  **ON BRIEF:**  J. Adam Behrendt, Gordon J. Kangas, BODMAN PLC, Troy, Michigan, for Appellant.  Allan T. Motzny, Lori Grigg Bluhm, CITY OF TROY, Troy, Michigan, for Appellee.

       BOGGS, J., delivered the opinion of the court in which WHITE, J., joined in full. SUHRHEINRICH, J. (pp. 11–12), delivered a separate opinion concurring in the judgment.

─────────────────

## OPINION

─────────────────

       BOGGS, Circuit Judge.  International Outdoor, Inc. ("International Outdoor") sought permission to erect billboards in the City of Troy.  After the City denied International Outdoor's

permit application and request for a variance, International Outdoor sued, claiming that the City's sign ordinance ("Ordinance") violated the First Amendment. International Outdoor argued that the Ordinance's variance procedure imposed an invalid prior restraint and that its permit exceptions were content-based restrictions on free speech.

In a prior appeal, we affirmed the district court's grant of summary judgment to the City on International Outdoor's prior-restraint claim. But we reversed the district court's dismissal of the content-based-restriction claim and remanded for the court to consider whether the Ordinance, with the permit exceptions, survived strict scrutiny. While it does not, the permit exceptions are, as the district court held on remand, severable, leaving intact the Ordinance's height, size, and setback requirements. Because International Outdoor's proposed billboards do not satisfy these valid, content-neutral standards, we affirm.

## I. BACKGROUND

### A.  Facts

International Outdoor is an outdoor-advertising company that erects billboards in southeastern Michigan. The City regulates signs within its jurisdiction, including billboards, under Chapter 85 of its City Code. The original version of the Ordinance required a permit and the payment of a fee, for any sign—unless the sign fell within one of six exceptions. Street signs, small ground signs, flags, and "temporary signs" were exempt from the permit requirement. The latter category included real-estate signs, signs advertising garage, estate, or yard sales, political signs, and holiday signs, among others.

The Ordinance also contained specific size, height, and location requirements for "ground signs," including billboards. In certain districts, each property was allowed one ground sign not to exceed 100 square feet in area and 12 feet in height, if set back at least 10 feet from the street. An additional ground sign would be allowed if it: (1) was set back at least 200 feet; (2) was located at least 1,000 feet from any sign exceeding 100 square feet in area; (3) did not exceed 300 square feet in area; and (4) did not exceed 25 feet in height. For signs that did not meet these requirements, the Ordinance permitted, but did not require, the Zoning Board of Appeals (ZBA) to grant a variance if:

(1) The variance would not be contrary to the public interest;

(2) The variance did not adversely affect properties in the immediate vicinity of the proposed sign; and

(3) The petitioner had a hardship or practical difficulty resulting from the unusual characteristics of the property that precluded the reasonable use of the property.

In 2015, International Outdoor sought to erect a two-sided billboard at two locations in Troy. *International Outdoor Inc. v. City of Troy ("Int'l Outdoor I")*, 974 F.3d at 695. These billboards were to be 14 by 48 feet in area—equal to 672 square feet per side or 1,344 square feet in total—and 70 feet in height when mounted. *Ibid.* The billboards were to be less than 200 feet from a right of way and less than 1,000 feet from other signs exceeding 100 square feet. *Ibid.*

International Outdoor applied for a permit to erect the billboards, which the City denied because they did not meet the Ordinance's height, size, and setback requirements. *Ibid.* International Outdoor sought a variance, which the City also denied, citing International Outdoor's failure to meet the variance conditions. *Ibid.*

## B.    Proceedings Below

### 1.  *Original Proceedings*

In February 2017, International Outdoor sued the City in federal court under 42 U.S.C. § 1983. In Count I of its complaint, International Outdoor argued that the variance procedure was an unconstitutional prior restraint because it lacked narrow, objective, and definite standards to guide the ZBA's decision. In Count II, International Outdoor argued that because some of the permit exceptions were content-based, the entire Ordinance was unconstitutional. For these First Amendment violations, International Outdoor sought declaratory and injunctive relief, as well as damages. The City moved to dismiss both counts.

The district court denied the City's motion as to Count I, holding that International Outdoor had a cognizable claim that the City's variance procedure was an unconstitutional prior restraint. In doing so, it rejected the City's argument that the variance provisions were severable, noting that the Ordinance in the record did not contain a severability clause. But the district court dismissed International Outdoor's challenge to the permit exceptions, holding that the

Ordinance regulates commercial speech and survives intermediate scrutiny under *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 562 (1980).

On September 20, 2018, International Outdoor moved for summary judgment. Four days later, the City amended the Ordinance, overhauling the variance procedure to limit official discretion. *Int'l Outdoor I*, 974 F.3d at 696. The amended Ordinance kept the permit requirement but reworked the permit exceptions to ensure content neutrality. For example, a "temporary sign" was redefined as a "sign constructed of paper, cloth, canvas, plastic, cardboard, wall board, plywood or other like material without a permanent foundation or otherwise permanently attached to the ground that appears to be intended or is determined by the Zoning Administrator to be displayed for a limited time." Other amendments limited ground signs to 100 square feet in area and 20 feet in height and prohibited variances for signs that exceeded the area and height limitations by more than twenty-five percent. *Int'l Outdoor I*, 974 F.3d at 696.

The City cross-moved for summary judgment, claiming that the Ordinance's amendment mooted International Outdoor's claims. It also pointed out that the original Ordinance (and the amended one) did, in fact, contain a severability clause, stating: "Should any word, phrase, sentence, paragraph or section of this Ordinance be held invalid or unconstitutional, the remaining provision of this ordinance shall remain in full force and effect."

The district court granted the City's motion for summary judgment on Count I, International Outdoor's sole remaining claim. It explained that, under the newly amended Ordinance, International Outdoor's billboards would qualify for neither a permit nor a variance, rendering moot International Outdoor's request for declaratory and injunctive relief. The court further held that the Ordinance's severability clause applied to the variance procedure before the 2018 amendment and, thus, barred International Outdoor's claim for damages. Finally, the district court denied International Outdoor's motion for attorney's fees, holding that International Outdoor was not a prevailing party under 42 U.S.C. § 1988 because it failed to obtain court-ordered relief. International Outdoor appealed.

We affirmed the district court's order granting summary judgment on Count I on the same grounds. *Int'l Outdoor I*, 974 F.3d at 700. But we reversed the district court's dismissal of Count II because the original Ordinance's permit exceptions were content-based restrictions, requiring strict scrutiny under *Reed v. Town of Gilbert*, 576 U.S. 155 (2015).[1] *Id.* at 707–08. We remanded for the district court to examine the permit exceptions under that standard and, because International Outdoor retained a viable claim, we vacated the district court's denial of International Outdoor's motion for attorney's fees. *Id.* at 708–09.

### 2. Current Appeal

On remand, the district court ordered the parties to provide supplemental briefing to aid the court in its reconsideration of Count II. The City primarily argued that even if the permit exceptions were invalid content-based restrictions, they could be severed as the variance procedure had been. International Outdoor countered that the permit exceptions were "integral to the Ordinance as a whole and, thus, [could not] be severed."

Applying *Reed*, the district court held that the permit exceptions did not survive strict scrutiny. It reasoned that the Ordinance's purpose—"to reduce the proliferation of signs," which creates traffic hazards, restricts light and air, and diminishes property values—was not a compelling government interest. Nor was the Ordinance narrowly tailored to further that asserted interest.

But the district court agreed with the City that the invalid exceptions were severable. It noted that the Ordinance included a severability clause, which indicated "the city council's intent

---

[1]We ordered supplemental briefing on what, if any, effect the recent Supreme Court decision in *City of Austin v. Reagan National Advertising of Austin, LLC*, 142 S. Ct. 1464 (2022), has on this case. *Reagan* held that an on-/off-premises distinction in a city's sign ordinance was facially content-neutral and, thus, did not trigger strict scrutiny. *Id.* at 1471–73. It rejected the "read-the-sign rule," which posited that "if a reader must ask: who is the speaker and what is the speaker saying to apply a regulation, then the regulation is automatically content based." *Id.* at 1471, 1475 (cleaned up). The Court, however, emphasized that its holding does not "cast doubt on any of [its] precedents recognizing examples of topic or subject-matter discrimination as content based." *Id.* at 1475.

As discussed above, the original Ordinance excluded flags and "temporary signs," among other signs, from its permit requirement. *Int'l Outdoor I*, 974 F.3d at 707. The latter group included real-estate signs, signs advertising garage or yard sales, political signs, construction signs, and holiday or other seasonal signs. *Ibid.* *Reagan*, then, does not disrupt our prior holding that at least some of the exceptions in the original Ordinance were content-based because they discriminated based on "the topic discussed or the idea or message expressed." *Id.* at 703 (quoting *Reed*, 576 U.S. at 163).

to sever the invalid provisions when possible." The court further explained that, as with the severable variance procedure, the invalid permit exceptions were discrete sections of a lengthy and detailed ordinance. Without them, the Ordinance remained "complete and operative" because the City could still enforce the height, size, and setback restrictions. Because International Outdoor's billboards did not satisfy the otherwise valid provisions, the district court dismissed International Outdoor's remaining claim for damages and related motion for attorney's fees.

International Outdoor moved for reconsideration. It pointed to a footnote in the district court's order acknowledging that "[a]lthough Plaintiff does not raise the argument," severance of the permit exceptions might result in "a permit requirement for all signs[, which] would be a prior restraint that could create its own constitutional problems." The footnote elaborated that this infirmity "d[id] not militate against severability . . . because the permit requirement could [also] be severed entirely." International Outdoor argued that if the permit requirement were also severed, it would be entitled to damages because it had paid a permitting fee under that allegedly unconstitutional provision.

The district court denied International Outdoor's motion for reconsideration. First, it emphasized that it never actually held that the permit requirement must be severed, but had merely observed that the permit requirement "could" be severed, if necessary. Second, the court noted that International Outdoor had argued solely against severability and failed to argue in the alternative that, even if the permit exceptions were severable, it was still entitled to damages because it had paid a fee under an unconstitutional permit requirement. Because parties may not raise new arguments in a motion for reconsideration, the court denied International Outdoor's motion.

International Outdoor timely appealed.

**C.     Applicable Legal Framework**

"Severability of a local ordinance is a question of state law." *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 772 (1988). Under Michigan law, "if invalid or unconstitutional language can be deleted from an ordinance and still leave it complete and

operative then such remainder of the ordinance [must] be permitted to stand." *In re Request for Advisory Op. Regarding Constitutionality of 2011 PA 38*, 806 N.W.2d 683, 713 (Mich. 2011) (quoting *Eastwood Park Amusement Co. v. E. Detroit Mayor*, 38 N.W.2d 77, 81 (Mich. 1949)). Severability requires a two-step analysis. First, Michigan courts consider "whether the Legislature expressed that the provisions at issue were not to be severed from the remainder of the act. If it did not, then [courts] must determine whether the unconstitutional portions are so entangled with the others that they cannot be removed without adversely affecting the operation of the act." *Blank v. Dep't of Corr.*, 611 N.W.2d 530, 540 (Mich. 2000). "Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal." *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir. 2012).

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Benzon v. Morgan Stanley Distribs., Inc.*, 420 F.3d 598, 605 (6th Cir. 2005). And we review the denial of a motion for reconsideration for abuse of discretion. *Evanston*, 683 F.3d at 691.

Courts may allow a prevailing party in a suit brought under 42 U.S.C. § 1983 to recover reasonable attorney's fees. *Id.* § 1988. We review a district court's decision to deny attorney's fees for abuse of discretion. *Monroe v. FTS USA, LLC*, 17 F.4th 664, 671 (6th Cir. 2021).

## II. ANALYSIS

Applying Michigan law, we conclude that the content-based exceptions to the permit requirement are severable.

First, the City plainly indicated its intent to sever unconstitutional provisions of the Ordinance by including a severability clause, stating: "[s]hould any word, phrase, sentence, paragraph, or section of th[e] the Ordinance be held invalid or unconstitutional, the remaining provision[s] of th[e] [O]rdinance shall remain in full force and effect." The challenged exceptions for flags and "temporary signs" were sub-subsections of a discrete permit-requirement section, totaling four lines of a comprehensive seventeen-page Ordinance. And principles of federalism caution against invalidating a locality's entire statute because it contains a discrete constitutional flaw, "especially when the . . . locality expressly tells us not to." *GEFT Outdoor, LLC v. Monroe County*, 62 F.4th 321, 331–32 (7th Cir. 2023); *cf. Barr v. Am. Assoc. of*

*Pol. Consultants, Inc.*, 140 S. Ct. 2335, 2351 (2020) ("Constitutional litigation is not a game of gotcha against Congress, where litigants can ride a discrete constitutional flaw in a statute to take down the whole, otherwise constitutional statute."). The severability clause's plain language controls.

Moreover, the content-based exceptions to the permit requirement were not so entangled with the rest of the Ordinance, such that the remainder would be inoperable without them. To illustrate, even if the *entire* permit-requirement section were severed, the Ordinance would still bar International Outdoor's proposed billboards under its unchallenged height, size, and setback requirements. This is because an earlier section of the Ordinance, 85.01.02, grants enforcement authority to the Zoning Administrator, who could enforce the substantive sign standards and punish violations even without a permitting scheme. *See GEFT Outdoor*, 62 F.4th at 331 (severing a permitting scheme in its entirety where the county's sign ordinance contained a severability clause and alternative means of enforcement). No doubt a permit requirement without the challenged exceptions would have made erecting flags and "temporary signs" more onerous. But if the permit requirement is not integral to the operation of the Ordinance, exceptions to that permit requirement cannot be either. And while the City's amendment of the Ordinance indicates that it prefers a valid permitting scheme to post-hoc enforcement, the severability clause clarifies that it prefers the latter to allowing nonconforming signs to pop up all over Troy. *See ibid.*

We also note that the onerous effect of severing the content-based exceptions never actually materialized. In 2018, days after International Outdoor originally moved for summary judgement, the City amended its Ordinance to redefine the exceptions for "temporary signs" and flags in valid, content-neutral terms. The amendment ensured that Troy citizens would not need to obtain a permit before erecting garage-sale or other small yard signs, for example. It also demonstrated the utility of a severability clause, which allowed the City to continue to enforce the substantive remainder while it reworked the discrete, unconstitutional provisions.

The City made clear that it wished to preserve the Ordinance in the face of constitutional challenges to discrete sections, and the sub-subsections at issue were not so entangled with the

other provisions so as to make the Ordinance inoperable without them. The district court did not err in holding that the content-based exceptions were severable.

On appeal, International Outdoor argues that severing the permit exceptions would result in a permit requirement for all signs—which it claims would be an unlawful prior restraint. International Outdoor alternatively argues that, even if the permit requirement could also be severed, it paid a permitting fee and thus retains an actionable claim for damages.

But International Outdoor failed to raise these arguments in the district court, prior to filing its motion for reconsideration. Upon request for supplemental briefing, International Outdoor argued only that the "[t]he content-based exceptions [we]re integral to the Ordinance as a whole and, thus, [could not] be severed." The district court rejected that argument, pointing to the Ordinance's severability clause, the detailed nature of the Ordinance, and the fact that this panel had already approved severance of the variance procedure.

International Outdoor stakes its appeal on the hypothetical presented in the district court's footnote but fails to adequately explain why it did not make these arguments to the district court on remand. International Outdoor instead cites only to portions of the record where it argued that the permit exceptions were integral to the Ordinance and, thus, could not be severed. International Outdoor first points to its complaint where it alleged that "the content-based distinctions permeate the Sign Ordinance and cannot be severed." But the remaining portion of that paragraph does not explain why the permit exceptions cannot be severed—it merely explains that they are content-based and, thus, unconstitutional. Next, International Outdoor cites its response to the City's original motion to dismiss, in which International Outdoor argued that "the Sign Ordinance cannot stand independently without the unconstitutional provisions." There, again, International Outdoor explained that the permit exceptions were content-based but did not further elaborate. And it did not specify any "unconstitutional provisions" other than the exceptions, and it did not attack the whole permitting scheme. Finally, International Outdoor claims that it made these arguments in its supplemental briefing on remand where it stated that "[t]he content-based exceptions are integral to the Ordinance as a whole and, thus, cannot be

severed. . . [S]everance is impossible."**2** But that is not the same as arguing that the Ordinance's permit requirement would be unconstitutional even after severance of the content-based exceptions.

Even if we were to read International Outdoor's argument that the post-severance permit requirement amounted to an unconstitutional prior restraint, nowhere in the record (until the motion for reconsideration) does International Outdoor argue that, even if the permit requirement could be severed, its claim should survive because it paid a fee under the purportedly unconstitutional permit requirement. The district court acknowledged as much in denying International Outdoor's motion for reconsideration. Arguments raised for the first time on a motion for reconsideration are untimely and, barring exceptional circumstances, we do not consider them. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). We affirm the district court's order of dismissal.

The dismissal of International Outdoor's last remaining claim precludes the existence of any court-ordered relief, which is necessary to establish prevailing-party status. *See* 42 U.S.C. § 1988. The district court did not err in dismissing International Outdoor's motion for attorney's fees.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the order of the district court.

---

**2**International Outdoor further cites its response to the City's cross-motion for summary judgment, where International Outdoor argued that "the content-driven nature of the Prior Sign Ordinance's permitting process is still the necessary starting point in the Court's review of the Prior Sign Ordinance's variance process because the entire ordinance structure forced speakers who did not qualify for an exemption to seek a permit or a variance from Troy." International Outdoor argued this to support its contention that it remained entitled to relief based on its claim that the variance process imposed an unconstitutional prior restraint. Nowhere in that response did International Outdoor challenge severability of the permit exceptions or the effect that severing them would have on International Outdoor's content-based-restriction claim, which the district court had already dismissed on other grounds.

————————————————

## CONCURRENCE

————————————————

SUHRHEINRICH, Circuit Judge, concurring in the judgment.

I continue to believe that International Outdoor lacks standing. *See Int'l Outdoor Inc. v. City of Troy ("Int'l Outdoor I")*, 974 F.3d 690, 709–10 (6th Cir. 2020) (concurring in part and dissenting in part). For this reason, I concur in the judgment only.

As the majority points out, "the content-based exceptions to the permit requirement were not so entangled with the rest of the Ordinance, such that the remainder would be inoperable without them," and that "even if the *entire* permit-requirement section were severed, the Ordinance would still bar International Outdoor's proposed billboards under its unchallenged height, size, and setback requirements." *Maj. Op.* at 8. This confirms that the permit exceptions are not the cause of International Outdoor's injury. Stated differently, International Outdoor's injury is not "fairly traceable" to the permit exceptions. Because the unchallenged size restrictions independently prevent International Outdoor from erecting its billboards, it lacks standing to challenge other provisions of the ordinance. *See Midwest Media Prop., LLC v Symmes Township*, 503 F.3d 456, 462 (6th Cir. 2007); *Outdoor One Commc'ns, LLC v. Charter Twp. of Canton*, No. 21-1323, 2021 WL 5974157, *3-4 (6th Cir. 2021) ("[International] Outdoor thinks that it has standing to challenge the whole ordinance at once, even if it was injured only by the size provisions. But this is a severability argument, not a magic wand to bypass standing."). International Outdoor should not be allowed to back door its way into federal court via the permit exception argument because it is not the source of the sign company's injury. *See generally Davis v. Colerain Township.*, 51 F.4th 164, 171 (6th Cir. 2022).

Moreover, even if International Outdoor had standing and had preserved the argument that severance of the permit exceptions would result in an unconstitutional prior restraint, it would still lose. International Outdoor is subject to the size restrictions that bar its signs because of the distinction between ground signs and temporary signs. But that distinction is permissible. It was only the City's use of content-based examples to illuminate what was and was not a

temporary sign that was questionable. Under principles of severability, the content-based examples alone could be severed from the ordinance. The remaining provisions would still allow temporary signs without a permit and require a permit for ground signs, and International Outdoor's too large and too permanent signs would still be prohibited by the ordinance.

I therefore concur in the judgment.